# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOHN THOMAS TELLO,           )  | |
|     Petitioner,           ) | |
| vs.           )  | No. 3:12-CV-3716-L (BH) |
|           ) | |
| RICK THALER, Director,           ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal           ) | |
| Justice, Correctional Institutions Division,           ) | |
|     Respondent.           ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction.

## I. BACKGROUND

On September 13, 2012, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his two convictions for indecency with a child and one conviction for possession of child pornography in cause numbers 2-03-279, 2-03-280, and 2-03-451 in Rockwall County, Texas. Respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner pled guilty, pursuant to a plea agreement, to the three offenses, and the trial court deferred adjudication of guilt and placed petitioner on community supervision for five years. After the State subsequently moved to adjudicate guilt, the trial court revoked petitioner's community supervision, adjudicated guilt, and sentenced him to a seven-year term of imprisonment in each case. *See Tello v. State*, 2005 WL 2625486 (Tex. App.–Dallas Oct. 17, 2005, pet. ref'd). Petitioner appealed to the state appellate court. His convictions were affirmed on October 17, 2005, and his petitions for discretionary review were refused on March 29, 2006. *Id*.; *see also* PD-1891-05, PD-1894-05, PD-189505.

On March 26, 2007, petitioner filed a federal habeas petition challenging these three state convictions that was dismissed without prejudice for failure to exhaust state court remedies on September 28, 2007. *See Tello v. Quarterman*, No. 3:07-cv-535-L (N.D. Tex. Sept. 28, 2007). On June 27, 2011, petitioner filed state writ applications in the state trial court challenging these convictions. On September 14, 2011, the Texas Court of Criminal Appeals dismissed these state writs because the sentences in all three cases had been discharged. (Petition "Pet." at 4); *see also Ex parte Tello*, WR-76,247-01, WR-76,247-02, WR-76,247-03 (Tex. Crim. App. . Sept. 14, 2011).

In his federal petition, petitioner raises thirty-three grounds for relief challenging the adjudication of guilt and the state and federal habeas procedures

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged

conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, petitioner is no longer in prison, and he does not dispute that the sentences in his three cases have been discharged.[1] He asserts that he has suffered the collateral consequence of being "denied the recognition of actual innocence" and that he continues to serve a sentence because he is required to register as a sex offender. (Pet. at 4).

The Fifth Circuit has not specifically addressed the question of whether the requirement to register as a sex offender is a sufficient restraint on liberty as to be considered is in custody for purposes of § 2254(a). Several cases in this district, however, have found that a habeas petitioner is not in custody for purposes of the jurisdictional prerequisite where the petitioner has fully served his sentence but is required to register as a sex offender. *Hurley v. Quarterman*, 2008 WL 4966638 (N.D. Tex. Nov. 18, 2008); *Cramer v. Quarterman*, 2006 WL 2252714 (N.D. Tex. Aug. 4, 2006); *Prieto v. Cockrell*, 2001 WL 1445351 (N.D. Tex. Nov. 14, 2001). In so holding, these cases have followed the reasoning in *Maleng*, where the Supreme Court held that a habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired merely because of the possibility of the collateral consequence that the discharged conviction would be used to

---

[1] Petitioner provides his previous TDCJ inmate number, but he also provided a Garland, Texas post office box as his mailing address, and he acknowledges in another pleading that his seven-year sentence terminated in July of 2011. (doc. 4 at 2-3).

enhance a subsequent conviction. *Id*. at 492. These cases have also followed the reasoning of other circuits that have also found that sex offender registration and reporting are not sufficiently restrictive as to constitute a form of custody. *See Virnieks v. Smith*, 521 F.3d 707, 718-720 (7th Cir. 2008); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999).

Here, because he has fully discharged the sentences imposed on him, this Court is without jurisdiction to consider the merits of petitioner's federal habeas petition. The fact that there is a continuing requirement that he register as a sex offender is not a sufficient restriction on his liberty to meet the "in custody" requirement of § 2254(a). Accordingly, petitioner's habeas petition should be dismissed for lack of subject matter jurisdiction.[2]

### III. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 14th day of September, 2012.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Even if the Court found it had jurisdiction over petitioner's habeas petition, it would be barred by the one-year statute of limitations. His convictions became final in 2006, but he did not file this petition until six years later. *See* 28 U.S.C. § 2244(d)(1). While he did file a prior federal petition in 2007, this petition was dismissed on September 28, 2007. Petitioner did not file his state writs until almost four years later, and after they were dismissed, he waited another year before filing this federal petition. Therefore, neither statutory nor equitable tolling would render his federal petition timely. *See* § 2244(d)(2); *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE