IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS TELLO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3716-L-BH** |
| | § | |
| **STATE OF TEXAS and RICK THALER**, | § | |
| Director Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 14, 2012, recommending that the action be dismissed for lack of subject matter jurisdiction. The magistrate judge determined that the court lacks subject matter jurisdiction because Petitioner John Thomas Tello ("Tello" or "Petitioner") is not in custody, as he has fully served his sentence. The magistrate judge further determined that even if the court had jurisdiction over the habeas petition brought by Tello pursuant to 28 U.S.C. § 2254, it would be barred by the one-year statute of limitations.

After issuance of the Report, Tello filed the following three motions on September 24, 2012, which the court construes as objections to the Report:

1. "Tello's Motion to Strike (The Following) (A) 'Consent to Proceed' Form (limited to § 636(c); (B) N.D.Tex. R. 16.2; (C) Special Order 3-251 (all versions, including Mar.8, 2006, Sept. 22, 2006, Jan. 18, 2007, Feb. 26, 2007, Nov. 30, 2007, and Jan. 9, 2009); (D) Misc.

Order No. 6 (Feb. 5, 1982); (E) Misc. Order No. 6 (Feb. 18, 1994); (F) Misc. Order No. 6 (Mar. 25, 1996); (G) Misc. Order No. 6 (Sep. 22, 1997); and (H) Special Order No. 2-59 (May 5, 2005)" (Doc. 6.);

2. "Tello's Motion to Transfer and/or Certify the State Record(s)" (Doc. 7); and

3. "Tello's Motion to Strike Unconsented-To Magistrate's 'Order'" (Doc. 8).

Tello complains about what he refers to as the continual abuse of *pro se* litigants and "incurable idiocy"; contends that the magistrate judge should "get off her egotistical high horse"; and contends that crimes were committed because he did not consent to the magistrate's participation. Doc. 8. He also argues that "[r]ebellious clerks, magistrates, and judges are begging to be slammed." *Id.* The court concludes that the motions and objections are without merit. Accordingly, the court **denies** Petitioner's three aforementioned motions (Docs. 6-8) and **overrules** his objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses without prejudice** this action for lack of subject matter jurisdiction. Additionally, as correctly noted by the magistrate judge, even if the court had jurisdiction over Tello's habeas petition, it would be barred by the one-year statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court

/

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 17th day of October, 2012.

Sam A. Lindsay
United States District Judge

---

issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.